This case was initially heard before the deputy commissioner at the Nash Correctional Center on September 22, 1997.
The undersigned have reviewed the decision based upon the record of the proceedings before the deputy commissioner.
The appealing party has shown good grounds to reconsider the evidence. However, upon much detailed reconsideration of the evidence as a whole, the undersigned reach the same facts and conclusions as those reached by the deputy commissioner. The Full Commission, in their discretion, have determined that there are no good grounds in this case to receive further evidence or to rehear the parties or their representatives, as sufficient convincing evidence exists in the record to support their findings of fact, conclusions of law, and the ultimate order.
 EXHIBITS
At the initial hearing, plaintiff submitted written statements from two other inmates, which were received as plaintiff's exhibits 1 and 2. Subsequent to the initial hearing, defendant submitted four pages of plaintiff's medical records, which were received as evidence. Following receipt of these medical records, the record of evidence was closed, and the deputy commissioner rendered her decision.
 ***********
Based upon the competent, credible, and convincing evidence of record, the undersigned make the following
 FINDINGS OF FACT
1. On March 28, 1994, the plaintiff, an inmate, was housed at Odom Correctional Center in Jackson, North Carolina. That afternoon, after taking a shower, plaintiff slipped and fell in the area outside of the showers. After his fall, he had pain in his lower back, for which he took pain medications such as Ibuprofen.
2. Plaintiff has stated that he fell because the defendant's employees did not put down rubber mats in this area. Other than plaintiff's testimony, which the undersigned do not find credible or convincing in this case, there was no evidence that the correctional facility was required to use rubber mats in the shower area nor was there any indication that the failure to have the mats would present an unusual hazard that could lead to injury. Thus, defendant was not negligent in this regard. In fact, plaintiff acknowledged that he had a pair of shower shoes for use in the area.
3. On the date he fell, plaintiff could see that there were no rubber mats in place outside the shower area. His fall was due, in part, to his own failure to exercise due care for his own safety in exiting the shower area.
 ***********
Based upon the foregoing findings of fact, the undersigned enter the following
 CONCLUSION OF LAW
1. Plaintiff has failed to prove that any injury he may have sustained on or about March 28, 1994, when he slipped and fell in the shower area at the prison unit, was due to the negligence of any employee of the North Carolina Department of Correction. Therefore, plaintiff's claim must be denied. N.C.G.S. § 143-291.
 ***********
Based upon the foregoing findings of fact and conclusion of law, the undersigned enter the following
 ORDER
1. Under the law, the plaintiff's claim must be, and IS HEREBY DENIED.
This case is ORDERED REMOVED from the Full Commission hearing docket.
This the ___ day of March, 1999.
 S/_____________ J. HOWARD BUNN, JR. CHAIRMAN
CONCURRING:
S/_____________ LAURA KRANIFELD MAVRETIC COMMISSIONER
S/_____________ DIANNE C. SELLERS COMMISSIONER
JHB:kws